Argued and submitted April 24, reversed and remanded with instructions June 3,
reconsideration allowed by opinion September 9, 1992
See 115 Or App 173 (1992)

Victor PRITZKER,
*Appellant,*

*v.*

Rick CARR,
dba Cascade Log Homes,
*Respondent.*

(A8910-06322; CA A68428)

832 P2d 1250

J. Bradford Shiley, Portland, argued the cause and filed
the brief for appellant.

Sharon Toncray-Parker, Portland, argued the cause for respondent. With her on the brief were Maureen R. Sloane and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Plaintiff appeals from a judgment notwithstanding the verdict, entered after the jury found for plaintiff in this action for compensation due him under an oral contract of employment as a salesman for defendant's custom made log house business. We reverse.

Defendant moved for, and the trial court granted, the judgment *n.o.v.* on the ground that the parties' agreement concerning compensation was too vague or indefinite to be enforceable. Specifically, defendant contends that compensation was to be calculated in large part on the "sales" that plaintiff generated, but the parties' minds never met on what the term "sales" meant.

■ The evidence revealed that, during their pre-contract negotiations, the parties had some initial disagreement about whether plaintiff's commissions would be based on a percentage of the sales agreements that he produced or only on consummated sales after projects were completed. The testimony of plaintiff, plaintiff's wife and defendant indicated that, at the time of trial, when it was again in the parties' respective interests not to agree about what "sales" had been intended to mean, the parties again disagreed. The question, however, is whether there was evidence from which the jury could find that a definite understanding about the meaning of the term was reached *when the parties consummated their agreement* and, if so, what it was. Plaintiff's testimony contained such evidence.

Defendant's arguments are largely devoted to matters other than that decisive question. He contends:

> "Even in his brief on appeal, plaintiff concedes that the parties had differing views as to what would constitute a 'sale' and consequently when plaintiff would become entitled to a commission. Because they had differing views, there was no meeting of the minds on the meaning of the term."

We do not read plaintiff's brief in that way. His point is that the parties disagreed about the meaning of the term in their testimony at trial, not at the time that they contracted.

■ Defendant also asserts that the question of whether there was an enforceable contract was one for the court

rather than for the jury. It is correct that many questions involving the enforceability of contracts present legal, not factual, issues. For example, if the question were whether the express terms of an agreement were indefinite, that would be an issue for the court. Again, however, the question here is whether the parties gave a definite meaning to an ambiguous term and, if so, what that meaning was. That is a question of fact for the jury.

■     Finally, defendant argues that the verdict itself shows that the jury did not find a definite meaning for "sales," because the amount of damages it awarded cannot be reconciled with the evidence concerning the term's meaning. Defendant explains:

> "The jury awarded $5,667.87, so it determined that plaintiff was entitled to a total commission of $25,265.36 ($19,597.49 already paid as advances against commissions + $5,667.87 = $25,265.36), or 8 percent of $315,817. There is no set of conditions that yields a total 'sale' of $315,817. All written [sales] contracts negotiated or partly negotiated by plaintiff that were eventually completed total $326,817. All written contracts negotiated *solely* by plaintiff that were eventually completed total $311,317. All moneys received during plaintiff's employment total $186,932.33." (Emphasis defendant's.)

No special interrogatories on damages or on the meaning of the contract were submitted to the jury. In essence, defendant is attempting to impeach the jury's finding on the meaning of the contract by demonstrating a putative inconsistency with its finding of the damages. Even assuming that an appellate court could ever permit such an exercise to succeed, it fails here. A purported discrepancy of as little as $4,500 in an amount exceeding $300,000, even if conclusively demonstrated, is far from sufficient to show that the jury's findings on the two questions are inconsistent. It shows, at worst, a mathematical error in the computation of damages to which neither party assigns error.[1]

Reversed and remanded with instructions to reinstate the verdict and to enter judgment thereon.

---

[1] We do not imply, by our specific basis for rejecting defendant's argument, that anything else about it is right.